Name <u>Law Office of William E. Krall, Jr.</u>

Address <u>27345 Ortega Hwy., Ste. 200</u>

<u>San Juan Capistrano, CA 92675</u>

Telephone <u>(949) 496-8101</u>    (FAX) <u>(949) 496-8101</u>

Email Address <u>w.krall@yahoo.com</u>

[X] Attorney for Debtor

State Bar No. <u>77061</u>

[ ] Debtor in Pro Se (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years: George Konstantis, | Chapter 13 Case No.:<br>8:11-bk-26708<br>**CHAPTER 13 PLAN**<br>**CREDITOR'S MEETING:** Room I-154<br>**Date:** January 17, 2012<br>**Time:** 10:00 a.m.<br>**Place:** 411 W. Fourth St. Santa Ana, CA<br><br>**CONFIRMATION HEARING:** Courtroom 5A<br>**Date:** February 21, 2012<br>**Time:** 1:30 p.m.<br>**Place:** 411 W. Fourth St. Santa Ana, CA |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009

F 3015-1.1

F301511

Chapter 13 Plan (Rev. 12/09) - Page 2                                      2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

**I. PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A. Payments by Debtor of $ 947 per month for 60 months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $ 56,846 which is estimated to pay 3.5 % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. §1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: None.
   (specify property or indicate none)

**II. ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

   (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

   (b) Administrative expenses (Class 1(a)) in an amount not exceeding 3 % of each Plan Payment until paid in full;

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                 F 3015-1.1

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses ( Class 1(a)) in an amount not exceeding _____ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1
### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $ | | $ | | $ |
| (3) Chapter 7 Trustee's Fees (Specify Trustee Name) | $ | | $ | | $ |
| (4) Other | $ | | $ | | $ |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | $ | % | $ | | $ |
| (2) Franchise Tax Board | $ | % | $ | | $ |
| (3) Domestic Support Obligation | $ | % | $ | | $ |
| (4) Other | $ | % | $ | | $ |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | $ | % | $ | | $ |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                   F 3015-1.1

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. [ ] The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. [x] The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

Bank of America                                6098
(name of creditor)                             (last 4 digits of account number)

_____                        _____
(name of creditor)                             (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Bank of America | 6098 | $ 40,211 | %5.65 | $ 771 | 60 | $47,400.00 |
| | | $ | % | $ | | $ |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | $ | $ | % | $ | | $ |
| | | $ | $ | % | $ | | $ |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                F 3015-1.1

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. [ ] The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. [ ] The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____          _____
(name of creditor)                              (last 4 digits of account number)

_____          _____
(name of creditor)                              (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | $ | % | $ | | $ |
| | | $ | % | $ | | $ |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $ 219,852    .

Class 5 claims will be paid as follows:

(Check one box only.)

[X] Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

[ ] Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $zero    which is estimated to pay _____ % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                              F 3015-1.1

Chapter 13 Plan (Rev. 12/09) - Page 6                                              2009 USBC, Central District of California

## IV. PLAN ANALYSIS

| | |
|---|---|
| **CLASS 1a** | $ |
| **CLASS 1b** | $ |
| **CLASS 1c** | $ |
| **CLASS 2** | $ 47,400 |
| **CLASS 3** | $ |
| **CLASS 4** | $ |
| **CLASS 5** | $ 7,790 |
| **SUB-TOTAL** | $ 55,190 |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise)** | $ 1,656 |
| **TOTAL PAYMENT** | $ 56,846 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

   Purchase contract on 2005 MB vehicle.

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

   Bank of America - House Loan and Mercedes Benz Financial- Car Loan

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)
   See Attachment Identified as "Attachment to Chapter 13 Plan Other Provisions".

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                       F 3015-1.1

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: 12/19/11

Attorney for Debtor

Debtor

Joint debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009     F 3015-1.1

Attachment to Chapter 13 Plan
V. Other Provisions

1. Debtor seeks to lien strip the junior lien held by DTA Solutions LLC who is servicing the loan for BSI Financial Services, Inc.
2. Debtor will seek to set aside the Judgment Lien on the Debtor's residence.

Case 8:11-bk-26708-ES    Doc 30    Filed 12/20/11    Entered 12/20/11 14:42:18    Desc
Main Document    Page 8 of 12

Law Office of William E. Krall, Jr.
William E. Krall, Jr.
27345 Ortega Highway, Suite 200
San Juan Capistrano, CA 92675
(949) 496-8101
Bar No.: 77061

# UNITED STATES BANKRUPTCY COURT
## Central       DISTRICT OF California

In re:  George Konstantis )           Case No. 8:11-bk-26708-ES
                          )
                          )
                          )           Chapter 13
                          )
                          )
_____)

## PROOF OF SERVICE BY MAIL

I, Vicki Cuevas                                     , declare that:

I am employed in the County of  Orange          , California. My business address is:
27345 Ortega Highway, Suite 200

San Juan Capistrano, Ca. 92675

I am over the age of eighteen years and not a party to this cause.

On December 20, 2011     , I served the Chapter 13 Plan

_____ in said cause by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Juan Capistrano    , California, addressed as follows:

Amrane Cohen
Chapter 13 Trustee
770 The City Drive So Ste#3300
Orange, Ca 92868
and to the entities listed on the attached mailing list.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 12/20/2011                   , at San Juan Capistrano  , California.

Vicki Cuevas

BK-20

```
George Konstantis
29546 Pelican Way
Laguna Niguel   CA   92677



William E  Krall  Jr
27345 Ortega Hwy   Ste  200
San Juan Capistr   CA   92675



United States Trustee
Central District of California
411 West Fourth Street # 90441
Santa Ana   CA   92701



Bank of America
400 National Way
Simi Valley   CA   93065



BSI Financial Services
314 S Franklin
Titusville   PA   16354



Bureaus Investment Grp
C/O Credit Control  LLC
PO Box 488
Hazelwood   MO   63042



Capital One
P O   Box 30285
Salt Lake City   UT   84130-0285



Christina K  Evingham
29546 Pelican Way
Laguna Niguel   CA   92677
```

Amrane Cohen
Chapter 13 Trustee
770 The City Drive So., Ste 3300
Orange, CA   92869

```
Citibank
MCM / Citibank
8875 Aero Drive  Suite 200
San Diego  CA   92123


Direct Merchants Bank
Cardmember Services
PO Box5894
Carol Stream  IL   60197-5894


DTA Solutions LLC
9428 Baymeadows Rd  Ste  260
Jacksonville  FL   32256


Franchise Tax Board
P O Box 942857
Sacramento  CA   94257-0511


Franchise Tax Board  (Business)
Bankruptcy  BE MS A345
P O Box 2952
Sacramento  CA   95812-2952


Franchise Tax Board  (Personal)
Bankruptcy  PIT MS A340
P O Box 2952
Sacramento  CA   95812-2952


Insolvency Group
1 Mailstop 5501
2400 Avila Road
Laguna Niguel  CA   92677


Internal Revenue Service
P O Box 21126
Philadelphia  PA   19114
```

Internal Revenue Service
Fresno  CA  93888


Mercedes - Benz Financial
PO Box 17496
Baltimore  MD  21297-1496


Mercedes - Benz Financial Serv
PO Box 17496
Baltimore  MD  21297-1497


Mercedes Benz Financial
PO Box 17496
Baltimore  MD  21297-1496


Midland Funding
C/O The Brachfeld Law Group
880 Apollo Street  Suite 155
El Segundo  CA  90245


Northstar Corp
C/O The Brachfeld Law Group
880 Apollo St  Ste  155
El Segundo  CA  90245


Recontrust Company
1800 Tapo Canyon Rd
Simi Valley  CA  93063


State Board of Equalization
Account Reference Group MIC 29
P O Box 942879
Sacramento  CA  94279-0029